UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT SHAW,

    Defendant.

Case No. 22-cr-00105-BLF-1

**ORDER RE EVIDENTIARY MOTIONS**

[Re: ECF Nos. 43, 44, 45]

Defendant Scott Shaw, an athletic trainer at a public university in California, allegedly touched the breasts and/or buttocks of several women student athletes without their consent and without a legitimate purpose. The United States (the "Government") charged Shaw with violating a federal criminal civil rights statute for depriving the student athletes of their right to bodily integrity while acting under color of law.

The parties had a deadline of January 30, 2023 to file any motions directed at expert reports and any motions to exclude/include Evidence Rule 413 and 404(b) acts. ECF No. 28. Defendant filed objections to certain expert testimony. ECF No. 44. The Government filed a motion to admit evidence of other acts of sexual assault pursuant to Rule 413. ECF No. 43. Defendant filed a motion to exclude other acts evidence pursuant to Rule 413 or Rule 404(b). ECF No. 45. The Court held a hearing on the three motions on March 23 and 24, 2023. *See* ECF Nos. 63, 64. The Court made extensive findings on the record during that hearing. For the reasons stated on the record at the hearing and explained below, the Court rules as follows on the parties' motions.

## I. OBJECTIONS TO EXPERT TESTIMONY

### A. Legal Standard

Federal Rule of Evidence 702 provides that an expert must be qualified to testify by "knowledge, skill, experience, training, or education" and that a qualified expert may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The district court acts as the gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Primiano v. Cook*, 598 F.3d 558, 564-65 (9th Cir. 2010). This "basic gatekeeping obligation" applies not only to scientific testimony but to all expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). The Court has broad discretion concerning the admissibility or exclusion of expert testimony. *Wood v. Stihl, Inc.*, 705 F.2d 1101, 1104 (9th Cir. 1983).

Evidence is relevant if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591 (quoting Fed. R. Evid. 702). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* (citation omitted). This consideration is described as one of "fit," i.e., "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)).

The reliability of expert testimony generally turns on four factors: "(1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000)), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766

2

(9th Cir. 2020). In the Ninth Circuit, another significant factor is "whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995). But the factors of reliability "do *not* constitute a 'definitive checklist or test.'" *Kumho Tire*, 526 U.S. at 150 (quoting *Daubert*, 509 U.S. at 593) (emphasis in original). The reliability inquiry is flexible, and "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153.

### B.     Analysis

Defendant objects to portions of the testimony of each of the Government's two expert witnesses: (1) Dr. James R. Borchers and (2) Dr. Cindy J. Chang. ECF No. 44 ("Ex. Mot."); *see also* ECF No. 50 ("Ex. Mot. Reply"). The Government opposes. ECF No. 46 ("Ex. Mot. Opp.").

#### 1. Qualifications

Defendant states that Dr. Borchers and Dr. Chang are not qualified to testify as experts. Ex. Mot. at 3-5. But digging into the substance of Defendant's arguments, he appears to mainly be arguing that the experts are not qualified to testify *as to* the state of mind of the victims in the case. Ex. Mot. at 4-5. In their expert reports, the expert witnesses discuss the state of mind of the alleged victims, and Defendant argues that they are unqualified to testify on this subject at trial. *Id.* The Government states that it does not intend to call these expert witnesses to testify as to the state of mind of the alleged victims. *See* Ex. Mot. Opp. at 3. The Court agrees that the expert witnesses may not testify as to the state of mind of the alleged victims in the case.

The Court finds that the Government's expert witnesses are qualified to testify as to "treatment performed by athletic trainers." *See* Ex. Mot. Opp. at 2. Dr. Borchers has an M.D. degree. Declaration of Jeremy D. Blank, ECF No. 44-1 ("Blank Decl."), Ex. 2. He is a Professor of Clinical Family Medicine/Sports Medicine for the Department of Family Medicine at The Ohio State University College of Medicine. *Id.* He serves as the Chief Medical Officer for the Big Ten Conference and as the President and Co-founder of the U.S. Council for Athletes' Health. *Id.* He

3

previously served as Head Team Physician for The Ohio State University Athletic Department. *Id.* Dr. Chang also has an M.D. degree. Blank Decl., Ex. 3. She is a Clinical Professor of Orthopedic Surgery at the University of California, San Francisco School of Medicine. *Id.* She has been the Lead Medical Consultant for Athletic Training Services at Benioff Children's Hospital Oakland's Sports Medicine Center for Young Athletes since 2015. *Id.* She previously served as Head Team Physician for the University of California, Berkeley. *Id.* The Court finds the Government's expert witnesses are clearly qualified.

### 2. Other Arguments

#### a. Victims' State of Mind

In addition to arguing that the experts are not qualified to testify as to the victims' state of mind, Defendant argues that testimony as to the mental state of the alleged victims should be excluded because it would be based on unreliable methods and would be speculative. Ex. Mot. at 5-7. Again, the Government does not intend to elicit testimony from the expert witnesses on the state of mind of the alleged victims. Ex. Mot. Opp. at 3. The Court agrees that testimony on this subject would be improper. Defense counsel may object to questions or testimony on this basis, and the Court will address those objections at trial.

#### b. Issues Remaining in Question

Defendant argues that opinions in Dr. Borchers's expert report as to "issues that remain in question" should be excluded because they are too speculative and vague. Ex. Mot. at 6. The Government counters that this phrase is taken out of context, and the items identified by Dr. Borchers in that section are "all of Defendant's practices that call into question the legitimacy of his treatment." Ex. Mot. Opp. at 5. The report states as follows:

> In summary, the following issues remain in question regarding the actions of [] Scott Shaw and the treatments described:
>
> 1. Proper informed consent regarding the treatments provided
> 2. Proper documentation of the conditions being treated, the treatments themselves and the outcomes of the treatments
> 3. Appropriate physical location for the described treatments (in an open training room without privacy)
> 4. Availability of a chaperone during the treatments
> 5. Evidence for appropriate credentials/training for the athletic trainer to perform these treatments

4

> 6. The lack of valid reasons for massaging sensitive areas including the breast, pubic, groin and buttock areas for athletic related issues such as shoulder and low back pain

Blank Decl., Ex. 2.

Looking at the Report, it is clear this list is a summary of the problems that Dr. Borchers identified with Defendant's treatment of the alleged victims. The list is not speculative nor vague. Based on the content of the report, Dr. Borchers's testimony about each of these issue areas will not be speculative nor vague. And the report shows that Dr. Borchers used reliable methods to develop this list. Defense counsel may object to questions or testimony at trial that they believe are vague or speculative, and the Court will address those objections at trial.

### c. Legal Conclusions

Defendant also objects to any testimony by the expert witnesses as to legal conclusions. Ex. Mot. at 6-9. The Government states that its expert witnesses will not draw any legal conclusions. Ex. Mot. Opp. at 5, 7. The Court agrees that the expert witnesses cannot testify as to issues of law. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("That said, 'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.'" (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)) (emphasis in original)). Defense counsel may object to questions or testimony on this basis, and the Court will address those objections at trial.

Defendant objects to a portion of Dr. Chang's report stating the definition of sexual abuse from the American Medical Society for Sports Medicine. Ex. Mot. at 6-7. The Government agrees that the AMSSM definition of sexual abuse is not the applicable legal standard in this case but the industry definition is relied upon by Dr. Chang to support her testimony about standards of practice in the field of sports medicine and athletic training. Ex. Mot. Opp. at 5-6. The Court agrees that Dr. Chang may not testify about legal conclusions but her testimony about industry standards is relevant to willfulness.

Defendant objects to any testimony from the expert witnesses as to the power dynamic between Shaw and his alleged victims. Ex. Mot. at 7-9. Defendant argues that such testimony would be improper because it gets to the question of whether Defendant acted under color of law,

5

which is a question to be resolved by the jury, not the expert witnesses. *Id.* at 8. The Government counters that any testimony as to whether Defendant had "power" over the victims does not invade the province of the jury, as it is not an ultimate issue of law. Ex. Mot. Opp. at 7. The Government disputes Defendant's interpretation of the law, asserting that "under color of law" does not require a power dynamic. *Id.* at 6-7. The Government further argues that the expert witnesses can testify as to "why victims may have complied with Defendant, why they did not run out of the training room as he was assaulting them, and why they may have even gone to see Defendant again despite being assaulted in the first instance." *Id.* at 7. The expert witnesses may testify as to the relationship and power dynamics involved in the trainer/athlete relationship generally. But the expert witnesses may not testify about the relationship or power dynamic between Defendant and any alleged victim in this case.

### 3. Conclusion

The Court DEFERS ruling on these objections until trial. The Court will allow the expert witnesses to testify, subject to the limitations discussed above and during the hearing. Defendant may object to specific questions to or testimony from the expert witnesses, and the Court will rule on those objections at trial.

## II. MOTIONS RE OTHER ACTS EVIDENCE

### A. Legal Standard

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). "Evidence that tends to show that [a defendant] committed another sexual assault . . . tends to show that [the defendant] had the propensity to commit another sexual assault." *United States v. Perez*, 662 F. App'x 495, 497 (9th Cir. 2016) (quoting *United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010)) (alterations in original). Under Rule 413, the court must apply the *LeMay* factors, considering: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Id.* (quoting *United States v. LeMay*,

6

260 F.3d 1018, 1027-28 (9th Cir. 2001)). Admission of evidence of other acts of sexual assault is subject to the balancing test of Rule 403. *See Untied States v. Keys*, 918 F.3d 982, 986 (9th Cir. 2019). Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. Summary of Motions

The Government filed a motion to admit evidence of other acts of sexual assault pursuant to Rule 413. ECF No. 43 (GMot.); *see also* ECF No. 52 ("GMot. Reply"). Defendant opposes the motion. ECF No. 48 ("GMot. Opp."). Defendant also filed a motion to exclude evidence of other acts of sexual assault pursuant to Rules 413 and 404. ECF No. 45 ("DMot."); *see also* ECF No. 51 ("DMot. Reply"). The Government opposes the motion. ECF No. 47 (" DMot. Opp.").

### C. Admission Under Rule 413 Versus Rule 404(b)

The Court will first briefly address what rule this evidence will be admitted under. In its motion filed on January 30, 2023, the Government moved to admit evidence of other acts of sexual assault under Rule 413. *See* GMot. The motion did not address Rule 404(b). *See id.* In his motion filed on January 30, 2023, Defendant moved to exclude evidence of other acts of sexual assault pursuant to both Rule 413 and Rule 404(b). *See* DMot. In this motion, Defendant stated that the Government "has announced its intention to introduce other acts evidence under Rules 413 and 404(b) of the Federal Rules of Evidence for at least fourteen (14) women other than the victims named in the Bill of Information." *Id.* at 1. It its opposition to Defendant's motion, filed on February 6, 2023, the Government argued that the evidence was admissible under Rule 404(b). DMot. Opp. at 6-8. Defendant argued that the Government had waived its ability to seek to admit the evidence under Rule 404(b) by failing to raise Rule 404(b) in its affirmative motion to admit within the time limit set by the Court in the scheduling order. DMot. Reply at 5; GMot. Opp. at 6-7.

The Court addressed this issue at the hearing. The Court determined that there was good cause to modify the Scheduling Order by seven days such that the Government's argument in its

1  opposition to Defendant's motion, filed on February 6, 2023, as to why the other acts evidence
2  should be admitted under Rule 404(b) was sufficient to not waive the argument.  The Court noted
3  that any prejudice to Defendant was minimal, as Defendant's own statement in his opening brief
4  indicated he was on notice that the Government intended to introduce the evidence under Rule
5  404(b), and the Government provided its argument on the issue just one week after motions were
6  due, about four months before trial.

7  However, later in the hearing, the Government indicated that if the Court were to admit the
8  other acts evidence under Rule 413, it would not also seek admission under Rule 404(b).  The
9  Government thus agreed that it would not pursue admission under Rule 404(b).  The hearing, and
10 this Order, will therefore only address whether the evidence can be admitted under Rule 413.

### D. Rule 413's Definition of Sexual Assault

Defendant argues that the other acts evidence that the Government seeks to introduce is not admissible under Rule 413 based on that Rule's definition of sexual assault.  DMot. at 2-5.  Rule 413 defines sexual assault as follows:

> In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:
>
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
>
> (2) contact, without consent, between any part of the defendant's body — or an object — and another person's genitals or anus;
>
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
>
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
>
> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

Rule 413(d).  The Government submits that the acts committed by Defendant here constitute sexual assaults under the definition in subparagraph (1).  GMot. at 8.

Defendant raises two related, but distinct, arguments.  First, he argues that Rule 413 does not apply because Defendant was not charged with a crime under 18 U.S.C. chapter 109A.  DMot. at 3.  Second, Defendant argues that his conduct does not constitute sexual assault under the

8

definition in subparagraph (1).  *Id.* at 3-5.  The Court will address each argument in turn.

First, Defendant argues that the testimony cannot be admitted under Rule 413 because he was not charged with an offense under chapter 109A of Title 18.  DMot. at 3.  Instead, he was charged with a crime under 18 U.S.C. § 242.  *See* ECF No. 1.  The Government counters that Defendant need not be charged with an offense under chapter 109A; instead, the conduct must be prohibited by chapter 109A.  DMot. Opp. at 3.

The Eight Circuit has held that "Rule 413 does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve conduct proscribed by chapter 109A."  *United States v. Blazek*, 431 F.3d 1104, 1109 (8th Cir. 2005).  Just last year, a court in the Northern District of Iowa confronted the question of whether to admit evidence under Rule 413 where a defendant had been charged with two counts of kidnapping.  *See United States v. Ahmed*, No. 21-CR-04087-LTS-KEM, 2022 WL 782024, at *3-6 (N.D. Iowa Mar. 14, 2022).  That court cited *Blazek*, as well as a Seventh Circuit opinion rejecting a "categorial approach" to Rule 413 and stating that "Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the conduct itself rather than how the charges have been drafted."  *Id.* at *4 (quoting *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014)).  The *Ahmed* court also pointed to a case from the District of Utah "stating that 'it is not the formally drafted charge but the underlying *conduct* that determinates whether a defendant has been charged with sexual assault as defined by Rule 413.'"  *Id.* at *5 (quoting *United States v. Vafeades*, No. 2:14-cr-00153-DN, 2015 WL 9273936, at *10 (D. Utah Dec. 18, 2015)).  And while the parties have not pointed the Court to any Ninth Circuit case that addresses the question explicitly, the Ninth Circuit upheld a district court's ruling admitting evidence under Rule 413 in a case in which the defendant was charged with a crime under 18 U.S.C. § 242, and not any crime in 18 U.S.C. chapter 109A.  *See Perez*, 662 F. App'x at 496-97.

Defendant points the court to other district court cases in which the courts interpreted Rule 413 more rigidly with regard to the offense charged.  *See United States v. Frank*, No. 04-20778-CR-JORDAN, 2006 WL 8834880, at *5 (S.D. Fla. Nov. 16, 2006) ("The statutes under which [defendant] is charged, 18 U.S.C. §§ 2423(c), 2251A, and 2423(b), are found in Chapter 117 of

9

Title 18, and not Chapter 109A."); *United States v. Wardlow*, No. 13-00083-01-CR-W-DW, 2014 WL 12693076, at *2 (W.D. Mo. Dec. 9, 2014) (noting that defendant's crime was "part of 18 U.S.C. chapter 117, not 109A"). But these decisions are not binding on the Court. And it finds more persuasive the Eighth Circuit's decision in *Blazek*, as well as the decisions of several circuit courts that have upheld the admission of evidence under Rule 413 in cases in which the defendant was not charged with an offense in 18 U.S.C. chapter 109A. *See Perez*, 662 F. App'x at 497 (defendant charged under 18 U.S.C. § 242); *United States v. Batton*, 602 F.3d 1191, 1196-98 (10th Cir. 2010) (defendant charged under 18 U.S.C. § 2423(a)); *United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006) (defendant charged under 18 U.S.C. §§ 2422, 2423); *United States v. Morris*, 494 F. App'x 574, 583-84 (6th Cir. 2012) (defendant charged under 18 U.S.C. § 242).

Second, Defendant argues that his actions do not constitute "sexual assault" within the meaning of Rule 413. DMot. at 3-5. Rule 413(d) includes a definition of sexual assault, quoted above. *See* Fed. R. Evid. 413(d). The parties agree that subparagraphs (2)-(5) do not apply; the disagreement is about whether subparagraph (1) applies. Under Rule 413(d)(1), "sexual assault" is defined as "a crime under federal law or under state law (as 'state' is defined in 18 U.S.C. § 513) involving: (1) any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid. 413(d)(1).

The Court thus turns to 18 U.S.C. chapter 109A. The Government cites 18 U.S.C. § 2244(b) as being applicable here. DMot. Opp. at 2. That section states:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned not more than two years, or both.

18 U.S.C. § 2244(b). Chapter 109A defines "sexual contact" as:

> the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(3).

Defendant argues that his conduct does not qualify as a "sexual assault" for purposes of

10

Rule 413 because it did not occur in the maritime or territorial jurisdiction of the United States or in federal detention. DMot. at 4-5.

The Government counters that a defendant's conduct need not satisfy one of the jurisdictional hooks in chapter 109A to qualify as a sexual assault for purposes of Rule 413. DMot. Opp. at 4-5. It asserts that conduct that qualifies as "sexual contact" under 18 U.S.C. § 2246(3) qualifies as a "sexual assault" under Rule 413, regardless of whether it occurred in the special maritime or territorial jurisdiction of the United States or in a federal prison. *Id.* The Government notes that several circuit courts have affirmed the admissibility of Rule 413 evidence that did not have one of the chapter 109A jurisdictional hooks. *Id.* The Government further argues that plain language of Rule 413 does not support such a limitation because it includes state law crimes. *Id.* And, it notes, Defendant's conduct is prohibited by California state law. *Id.* at 2; *see* Cal. Penal Code § 243.4(e) (" Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ."). Finally, the Government argues that the legislative history of Rule 413 supports its reading of Rule 413. DMot. at 5.

The Court agrees with the Government. The plain language of Rule 413 supports the Government's reading. Rule 413 defines sexual assault as "a crime . . . involving . . . any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid. 413(d)(1). The words "conduct prohibited by" indicate that the Court must look at the *conduct* of the Defendant, regardless of the location of that conduct. And the legislative history of Rule 413 also supports this reading of the Rule. The Congressional Record provides:

> Paragraph (d) defines the term "offense of sexual assault." The definition would apply both in determining whether a currently charged federal offense is an offense of sexual assault for purposes of the Rule, and in determining whether an uncharged offense qualifies as an offense of sexual assault for purposes of admitting evidence of its commission under the Rule. The definition covers federal and state offenses involving the types of conduct prohibited by the chapter of the criminal code relating to sexual abuse (chapter 109A of title 18, U.S. Code) in light of subparagraph (1), and other federal and state offenses that satisfy the general criteria set out in subparagraphs (2)-(5).

11

1    137 Cong. Rec. S6,031 (1991). The language stating that Rule 413 "covers federal . . . offenses
2    involving the types of conduct prohibited by" chapter 109A further indicates that the Court should
3    look at the type of conduct at issue, as opposed to its location.

4          The Court also looks to the case law. The Government points the Court to a few Ninth
5    Circuit cases addressing the admissibility of evidence under Rule 413. *See Perez*, 662 F. App'x
6    495; *United States v. Door*, 663 F. App'x 570, 572 (9th Cir. 2016); *United States v. Davis*, 855 F.
7    App'x 362 (9th Cir. 2021). In *Perez*, in deciding whether the conduct was prohibited by chapter
8    109A, the Ninth Circuit stated: "18 U.S.C. § 2242 prohibits knowingly 'caus[ing] another person
9    to engage in a sexual act by threatening or placing that other person in fear.'" 662 F. App'x at 497
10   (quoting 18 U.S.C. § 2242) (alteration in original). The court did not quote or consider the portion
11   of the statute with the jurisdictional hook. In *Door*, the Ninth Circuit upheld the admission of
12   evidence, but it did not address whether the jurisdictional requirement was met. 663 F. App'x at
13   572. In *Davis*, the Ninth Circuit addressed whether admission of evidence under Rule 413 was
14   harmless error; it again did not address the jurisdictional hook. 855 F. App'x at 363. The Court
15   notes that, in a much older Ninth Circuit case not cited by the parties, the Ninth Circuit stated that
16   it "understand[s] Rule 413 to mean acts proscribed by the chapter, whether or not the acts are
17   committed by federal personnel in federal prisons." *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082
18   (9th Cir. 2002).

19         In *United States v. Batton*, the Tenth Circuit addressed whether evidence of a 1995 Ohio
20   conviction could be admitted under Rule 413. *See* 602 F.3d 1191, 1196-97 (10th Cir. 2010). The
21   Tenth Circuit determined the evidence was admissible because "18 U.S.C. § 2243 clearly
22   proscribes the conduct that led to [the defendant's] 1995 conviction—oral sex with a fourteen year
23   old boy." *Id.* at 1196. The Tenth Circuit was clearly focused on the conduct, and in a block quote
24   from the statute itself, the court put an ellipsis through the jurisdictional hook language,
25   suggesting that it need not address whether the 1995 state court conviction occurred in the special
26   maritime and territorial jurisdiction of the United States or in a federal prison. *See id.* And last
27   year, in *United States v. Ahmed*, the Northern District of Iowa allowed the admission of evidence
28   under Rule 413 in a case where the defendant was charged with two counts of kidnapping, noting

12

1  that the Eighth Circuit in *Blazek* allowed the admission of evidence under Rule 413 in a case
2  where "the defendant was charged with conduct proscribed by chapter 109A (even though the
3  offense conduct did not satisfy chapter 109A's jurisdictional hook)." 2022 WL 782024, at *5.

4        Defendant does point the Court to district court decisions that have required satisfaction of
5  the jurisdictional hook. In *United States v. Frank*, the court stated that the defendant's "alleged
6  prior conduct with respect to Minor E is not proscribed by 18 U.S.C. § 2243(a)—which *is* part of
7  Chapter 109A—because that conduct did not take place in the 'special maritime and territorial
8  jurisdiction of the United States.'" 2006 WL 8434880, at *5. The court continued that therefore,
9  the defendant's "conduct with respect to Minor E is not a 'crime under federal law' that involved
10 conduct proscribed by Chapter 109A." *Id.* In *United States v. Lennon Park*, the court considered
11 whether the charged conduct was proscribed conduct under chapter 109A, specifically 18 U.S.C. §
12 2243, and it stated that "[t]he conduct proscribed by 18 U.S.C. § 2243 is when an individual
13 knowingly engages in a sexual act with a minor within the special maritime and territorial
14 jurisdiction of the United States or in a federal prison." No. 05-cr-00190-WYD, 2007 WL
15 9677018, at *3 (D. Colo. Oct. 17, 2007). And the court found that the Government's argument
16 that the charged conduct was proscribed by chapter 109A was "unpersuasive because the
17 Government cannot satisfy the elements set forth in 18 U.S.C. § 2243(a) [as] 18 U.S.C. § 2243(a)
18 requires that a defendant's actions occur 'in the special maritime and territorial jurisdiction of the
19 United States or in various prisons.'" *Id.* (quoting 18 U.S.C. § 2243).

20       The Court recognizes that some courts have required the jurisdictional hook to be satisfied.
21 But the Court is not bound by these decisions and, in light of the language of Rule 413 and its
22 legislative history, it finds more persuasive the cases that do not require the jurisdictional hook in
23 chapter 109A offenses to be satisfied. The Court finds that Rule 413 is focused on conduct and
24 not location. The Court therefore determines that the Defendant's charged conduct constitutes
25 "sexual assault" under Rule 413(d)(1).

26       **E.**    **The Government's Proposed Witnesses**
27       The Court must address whether testimony from each of the Government's sixteen
28 proposed witnesses is admissible under Rule 413. If the answer to that question is "yes," then the

13

1  Court must also address whether the testimony is admissible under Rule 403.  First, under Rule
2  413, the Court must consider the *LeMay* factors: "(1) the similarity of the prior acts to the acts
3  charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the
4  prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the
5  evidence beyond the testimonies already offered at trial."  *See Perez*, 662 F. App'x at 497 (quoting
6  *LeMay*, 260 F.3d at 1027-28).  If the Court agrees the proffered evidence satisfies Rule 413, then
7  separately the Court considers whether the "probative value is substantially outweighed by a
8  danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting
9  time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

10  The Court and the parties discussed each witness at the hearing, and the Court made
11  detailed rulings on the record.  For each witness, on the record, the Court determined whether the
12  testimony was allowed under Rule 413; it made a finding on each of the *LeMay* factors; and it
13  determined whether the testimony was admissible under Rule 403.  The Court made clear at the
14  hearing that it was ruling on each witness in isolation, as if that witness was the first Rule 413
15  witness that the Government sought to introduce.  But, as the Court made clear at the hearing and
16  discusses below, the Court will not allow all of the admitted witnesses to testify.  That being said,
17  the Court summarizes its rulings below:

| Witness | Ruling |
| --- | --- |
| Victim A | ADMIT |
| Victim B | ADMIT |
| Victim C | ADMIT |
| Victim D | ADMIT |
| Victim E | ADMIT, except as to testimony about downstream effects (quitting the team, losing scholarship, not finishing college) |
| Victim F | EXCLUDE |
| Victim G | ADMIT |
| Victim H | ADMIT |
| Victim I | ADMIT |
| Victim J | ADMIT |
| Victim K | ADMIT |
| Victim L | ADMIT |
| Victim M | ADMIT |
| Victim N | ADMIT |
| Victim O | ADMIT |
| Victim P | ADMIT |

### F.  Cumulative Prejudice

The Court made a ruling on each witness in isolation. But the Government seeks to introduce up to 15 of these individuals as witnesses at trial, which will impact the Rule 403 analysis. Defendant argues that the Court should limit the number of Rule 413 witnesses. DMot. at 9-10. The parties submitted supplemental letter briefs on this issue. ECF Nos. 66 ("GSupp."), 67 ("DSupp.").

Last year, the Eighth Circuit decided *United States v. Kindley*, No. 21-3484, 2022 WL 17245115 (8th Cir. Nov. 28, 2022). In that case, the Eighth Circuit reviewed a district court's admission of evidence under Rule 413. *Id.* at *2. The district court in that case faced a similar situation—there were two charged victims, and the Government sought to introduce testimony from fifteen other witnesses through Rules 413 and/or 404(b). *Id.* at *1. The district court determined that the evidence of prior sexual assaults was admissible under Rule 413 and that the evidence of prior bad acts was admissible under Rule 404(b), but it limited the number of witnesses who could testify to two Rule 413 witnesses and two Rule 404(b) witnesses. *Id.* The district court "found that individually, no account is so unfairly prejudicial or problematic that it requires exclusion under Rule 403," but it recognized "an issue of diminishing evidentiary returns—each account carries a bit less probative value, but a bit more prejudice to [the defendant]." *Id.* at *2 (internal citations omitted). The Eighth Circuit upheld the district court's decision, determining it "acted well within its discretion when it decided to . . . limit the number of Rule 413 and Rule 404(b) witnesses." *Id.* The Eighth Circuit also addressed this issue in *United States v. Never Misses a Shot*, 781 F.3d 1017 (8th Cir. 2015). The Eighth Circuit stated it was "troubled" by the district court's decision to admit six Rule 413 and 414 witnesses because, in that case, allowing "six such witnesses injects cumulative evidence with little additional probative value." *Id.* at 1028. But it did note that it "state[d] no inflexible rule that provides a maximum limit of Rule 413 or 414 witnesses that can testify but encourage district courts to continually balance all 403 factors." *Id.* at 1028 n6. The court, recognizing that "at some point it does seem enough is enough," ultimately decided any error was harmless. *Id.* at 1028 (quoting *United States v. Crow Eagle*, 705 F.3d 325, 328 (8th Cir. 2013)).

15

The Tenth Circuit addressed a similar question in *United States v. Perrault*, 995 F.3d 748 (10th Cir. 2021), but under Rule 414. The defendant argued that the "sheer number" of witnesses prejudiced the jury. *Id.* at 768. The court recognized that it had previously affirmed district court rulings admitting four and six Rule 414 witnesses. *Id.* But it also cited to *Never Misses a Shot* in stating that "[a]t least one of our sister circuits has discouraged courts from admitting more than five Rule 414 witnesses." *Id.* The court "decline[d] to set a maximum number," but instead stated that "the district court should consider the diminishing marginal return on each additional witness's testimony." *Id.* at 769. It went on to say that "the probative value of the fifth, sixth, or seventh Rule 414 witness is probably less than the first three or four." *Id.* (citing *Never Misses a Shot*, 781 F.3d at 1028). The court stated that "in those rarer cases involving numerous Rule 414 witnesses, district courts may assure themselves that each witness's testimony remains corroborative by identifying specifically how it 'buttresses weak or assailable evidence.'" *Id.* (quoting *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1314 (10th Cir. 2007)). The Tenth Circuit upheld the district court's decision to let seven Rule 414 witnesses testify. *Id.* It noted that "none of the seven witnesses merely parroted identical accusations," but instead, "[e]ach witness's testimony buttressed weak or assailable evidence." *Id.* (internal quotation marks and citation omitted). Because "each of the Rule 414 witnesses retained independent probative value," the Tenth Circuit decided that the testimony was not needlessly cumulative. *Id.* at 770.

As in these cases, the Court finds that with each additional witness here, the probative value is reduced, and the prejudicial effect is greater. Specifically, the necessity factor under *LeMay* is reduced, as each additional witness becomes less necessary to corroborate the accounts of the charged victims and the prejudicial effect under Rule 403 grows. At the hearing, the Court asked the parties what number of witnesses would be appropriate. The Government requested that it be allowed to present testimony from eleven of the witnesses. It justified this request on the basis that different witnesses were necessary to corroborate different aspects of the accounts of the charged victims. Defendant requested that the Court limit the number of witnesses admitted under Rule 413 to four, as that is the number of charged victims in the case. At the hearing the Court asked the Government to submit a prioritized list of witnesses, but the Government declined. It

16

only generally stated that each witness will corroborate a different aspect of the alleged victims' testimony. But that is not sufficient to support a request for more than four Rule 413 witnesses. Absent a clear showing of the probative value of a fifth or sixth or seventh witness, the Court would conclude that the cumulative effect of additional witnesses increases the prejudice to Defendant beyond the tipping point.

The Court will allow at least four Rule 413 witnesses to testify. It notes that Defendant agrees that this number is proper. The Court will not necessarily preclude any witnesses beyond four. But, beyond that point, the Government will need to show why each additional witness's testimony is necessary "by identifying specifically how it 'buttresses weak or assailable evidence.'" *See Perrault*, 995 F.3d 769. The Court will be able to better make a Rule 403 determination if it knows specifically, for each additional witness, why the testimony is necessary—to corroborate which aspect of the testimony of the charged victims. The Court will discuss this issue further with the parties at the Pretrial Conference.

**IT IS SO ORDERED.**

Dated: April 5, 2023

BETH LABSON FREEMAN
United States District Judge