DAVID R. CALLAWAY (CASB 121782)
Glenn Agre Bergman & Fuentes
44 Montgomery Street
Suite 2410
San Francisco, CA 94104
Tel: (415) 599-0884
E-mail: dcallaway@glennagre.com

JEREMY D. BLANK (CASB 172571)
Law Office of Jeremy D. Blank
1459 18th Street, No. 148
San Francisco, CA 94107
Tel:    (415) 710-2728
Email: jdb@jeremyblank.com

Attorneys for Defendant
SCOTT SHAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SHAW,<br><br>Defendant. | No. CR 22-00105-BLF<br><br>**DEFENDANT SCOTT SHAW'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* NO. 2 [ECF 87]**<br><br>Date:        May 18, 2023<br>Time:       1:30 p.m.<br>Courtroom: 3, 5th Floor<br>Judge:      Hon. Beth Labson Freeman |

In its Motion in Limine No. 2, ECF 87, the government moves to "exclude evidence or arguments encouraging jury nullification" with respect to Disputed Jury Instruction No. 44, *see* ECF 85 at 62-68. The government argues that if the Court gives the government's proposed Instruction No. 44, ECF 85 at 64, that instruction would necessarily foreclose any proper defense argument that Mr. Shaw did not act under "color of law," an element of the offenses charged. ECF 87 at 5. The defense strongly objects to the government's Motion in Limine No.

2, and respectfully submits that by granting it the Court would almost guarantee reversal of any convictions obtained.

On one level, the government's motion is unnecessary. The defense agrees that it is not permitted to ask or encourage the jury to disregard the law as given to it by this Court. Nor will Mr. Shaw ask the Court to allow him to introduce evidence that is not relevant to raising reasonable doubt of his guilt under the law as it is given to the jury. *See United States v. Scarmazzo,* 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008), *aff'd sub nom. United States v. Montes,* 421 F. App'x 670 (9th Cir. 2011) ("Neither a Defendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and evidence, not on jury nullification.").

But, beyond that, the government is playing with fire. In its requested jury instruction No. 44, the government is basically asking the Court to instruct the jury that, to establish the required element that Mr. Shaw was acting "under color of law," all it need prove is that he committed the acts in question while working as an athletic trainer at San Jose State. Or to use the government's formulation:

> A person is acting under color of law if he is performing a government state function. Working in one's capacity as a public university employee is a state function. You are to determine whether the defendant was a public university employee and whether he was acting in his capacity as a public university employee or claiming to do so. *If you find that the defendant was a public university employee and that he was acting, pretending to act, or giving the appearance of acting as a public university employee when he committed the acts charged in the Information, then you may find that this element is satisfied.*

ECF 44 at 64 (emphasis added).

As the defense has argued in support of its own requested instruction, ECF 85 at 64-68, the government's instruction would be tantamount to directing a verdict on this element. There will be no dispute that Mr. Shaw was working as an athletic trainer for San Jose State University when he provided treatment to student-athletes. But as this Court has already ruled, "mere employment" by the university is not enough to satisfy this element. ECF 37 at 7

(government's burden of proof as to "color of law" includes proof that Shaw "used his position in some way to commit the crime.").

This motion in limine seeks to deprive the defense of the right to argue that his actions did not rise to that level. Mr. Shaw intends to argue – and the Constitutional right to present a defense requires that he be permitted to argue – that he did not misuse his position to commit the alleged conduct, and therefore that he did not act under color of law.

Granting the government's Motion in Limine No. 2 would tie the defense's hands in defending against this element. The Court might as well simply instruct the jury that unless it finds that Mr. Shaw was not employed by San Jose State, or that he engaged in the charged activities somewhere off-campus and on his own private time, then it *must* find that he acted under color of law. And that instruction, the defense respectfully submits, would be reversible error.

The government should not be permitted to engage in a sleight-of-hand denial of the right to present a defense by couching it as an attempt to prevent improper "jury nullification." The defense has previously argued,, and continues to maintain, that whether he was acting under "color of law" when the charged acts were allegedly committed is a question for the jury. *See* ECF 85 at 64-68. This Court has previously recognized that principle in this case, ECF 37 at 7, and should continue to do so here. Anything less would unfairly restrict Mr. Shaw's constitutional right to present a defense.

Dated: May 11, 2023

s/ David R. Callaway
David R. Callaway

s/ Jeremy D. Blank
Jeremy D. Blank
Attorneys for Defendant
SCOTT SHAW