# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>SCOTT SHAW,<br>　　　　Defendant. | Case No.  22-cr-00105-BLF-1<br><br>**ORDER RE MOTIONS *IN LIMINE***<br><br>[Re:  ECF Nos. 86, 87, 88, 89, 90, 91, 92, 93, 96] |

Defendant Scott Shaw has been charged with six counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242.  *See* ECF No. 1 ("Information").  The Court held a Pretrial Conference on May 18, 2023, during which it issued oral rulings on the Government's motions *in limine*.  The rulings on the motions *in limine* are summarized as follows:

- Government's MIL No. 1, ECF No. 86 ("Gov't MIL 1"):  GRANTED IN PART AND DEFERRED IN PART
- Government's MIL No. 2, ECF No. 87 ("Gov't MIL 2"):  GRANTED
- Government's MIL No. 3, ECF No. 96 ("Gov't MIL 3"):  GRANTED
- Government's MIL No. 4, ECF No. 88 ("Gov't MIL 4"):  GRANTED
- Government's MIL No. 5, ECF No. 89 ("Gov't MIL 5"):  GRANTED
- Government's MIL No. 6, ECF No. 90 ("Gov't MIL 6"):  GRANTED
- Government's MIL No. 7, ECF No. 91 ("Gov't MIL 7"):  DEFERRED
- Government's MIL No. 8, ECF No. 92 ("Gov't MIL 8"):  GRANTED
- Government's MIL No. 9, ECF No. 93 ("Gov't MIL 9"):  DENIED WITHOUT PREJUDICE

## I.　GOVERNMENT'S MOTIONS *IN LIMINE*

The Government filed nine motions *in limine*.  Defendant responded to all of the motions,

opposing six. *See* ECF Nos. 103-11. The Court considers each motion *in limine* in turn.

### A.  Government's Motion *in Limine* No. 1 to Exclude Expert Testimony Outside the Scope of the Expert's Report

In its first motion *in limine*, the Government moves to exclude expert testimony outside the scope of the expert report under Rule 16. Gov't MIL 1 at 1. The Government argues that Defendant cannot elicit opinions from his expert about treatments provided by Defendant that were not in the expert report. *Id.* at 3-4. The Government also argues that Defendant cannot introduce prior statements of Defendant as the basis for his opinions. *Id.*

The Defense asserts that it does not object to this motion, except if the Government is seeking to prevent the Defense from asking its expert questions based on evidence adduced from the Government's case-in-chief. ECF No. 103. The Defense argues that it is permitted to ask its expert "questions based on the trial testimony" under Rule 703. *Id.* at 2.

The Court GRANTS the Government's Motion *in Limine* No. 1 as to excluding any expert testimony outside the scope of the report. But the expert can testify as to matters that come up during trial. The Court DEFERS ruling on any specific objections that the expert is testifying on new subject matter outside the scope of the report. Such objections may be made at trial.

### B.  Government's Motion *in Limine* No. 2 to Exclude Evidence or Arguments Encouraging Jury Nullification with Respect to Disputed Jury Instruction No. 44

In its second motion *in limine*, the Government moves to exclude arguments encouraging jury nullification with respect to the Government's Proposed Jury Instruction No. 44. Gov't MIL 2 at 1. Jury Instruction No. 44 states the meaning of "under color of law." *See* ECF No. 85. The Government asks the Court to clarify this instruction before trial and to prohibit the Defense from introducing arguments or evidence encouraging jury nullification. Gov't MIL 2 at 5.

The Defense agrees that it is not permitted to ask or encourage the jury to disregard the law given to it by the Court. ECF No. 104. But the Defense does strongly object to the Government's Proposed Jury Instruction No. 44. *Id.*

The Court will settle the jury instructions prior to trial. The Court GRANTS the Government's Motion *in Limine* No. 2, in that the Court will exclude any argument encouraging

jury nullification or any argument that the law is different than the instruction given by the Court.

### C. Government's Motion *in Limine* No. 3 to Exclude Evidence or Arguments Encouraging Jury Nullification with Respect to Disputed Jury Instruction No. 45

In its third motion *in limine*, the Government moves to exclude arguments encouraging jury nullification with respect to the Government's Proposed Jury Instruction No. 45. Gov't MIL 3 at 1. The Government wants the Court to prohibit Defendant from arguing that the Government must prove the elements of independent federal statutes in order to prove a violation of the right to bodily integrity. *Id.* at 4.

The Defense does not oppose the motion. ECF No. 105. It states that "it does not intend to argue that the Government is required to prove that Mr. Shaw's alleged conduct comprises one of the crimes delineated in Chapter 109 of Title 18 of the United States Code." *Id.* at 2.

The Court GRANTS the Government's Motion *in Limine* No. 3.

### D. Government's Motion *in Limine* No. 4 to Exclude Evidence of Related Civil Lawsuits

In its fourth motion *in limine*, the Government moves to exclude evidence of related civil lawsuits except to impeach a testifying witness. Gov't MIL 4 at 1-2. The Government argues that this evidence should be excluded as irrelevant under Rules 401 and 402. *Id.* at 2-3. The Government argues that the evidence should also be excluded under Rule 403 because it would present a significant risk of unfair prejudice, confusing the issues, and misleading the jury. *Id.* at 3-4. The Government next argues that any pleadings filed in related lawsuits are inadmissible hearsay under Rule 801. *Id.* at 4. And the Government argues that any evidence regarding settlement of related lawsuits should be excluded under Rule 408(a)(2). *Id.* at 4-5. But the Government acknowledges that evidence of a witness's lawsuit is admissible to impeach a testifying witness. *Id.* at 2.

The Defense does not dispute that evidence of related civil litigation is not admissible in its case-in-chief, and it agrees that such evidence is only admissible for impeachment. ECF No. 106. The Defense requests "wide latitude" in using such evidence for impeachment. *Id.* at 2-3.

The Court GRANTS the Government's Motion *in Limine* No. 4. The Court will allow

3

evidence of the other suits for purposes of impeachment only.

### E. Government's Motion *in Limine* No. 5 to Exclude Evidence of and Reference to Prior Related Investigations

In its fifth motion *in limine*, the Government moves to exclude evidence of prior investigations related to the conduct at issue in this case. Gov't MIL 5 at 1. The Government identifies four investigations: (1) a 2009 investigation by SJSU; (2) a 2019 investigation by SJSU; (3) a 2020 investigation by SJSU; and (4) a Title IX investigation by the U.S. Department of Justice. *Id.* at 1-2. The Government argues that evidence of these investigations should be excluded except for the following circumstances: "impeachment of a witness who received financial compensation as a result of the DOJ Title IX investigation; impeachment of a witness who made an inconsistent statement during the prior investigations; direct testimony by Defendant as to the effect of the prior investigations on his state of mind; and impeachment evidence presented by the United States regarding Defendant's state of mind." *Id.* at 2. The Government argues that evidence of prior investigations is excludable as irrelevant under Rules 401 and 402. *Id.* at 3. It also argues that the evidence is excludable under Rule 403 because the probative value is substantially outweighed by the danger of wasting time, unfair prejudice, and confusing and misleading the jury. *Id.* at 3-4.

The Defense does not dispute that evidence of related civil investigations is not admissible in its case-in-chief, and it agrees that such evidence is only admissible for impeachment. ECF No. 107. The Defense requests "wide latitude" in using such evidence for impeachment purposes. *Id.* at 2-3. The Defense notes that the Government does not mention one prior investigation—a 2009 criminal investigation by the San Jose University Police Department. *Id.* at 2.

The Court GRANTS the Government's Motion *in Limine* No. 5. The Court will allow evidence of the investigations for purposes of impeachment only.

### F. Government's Motion *in Limine* No. 6 to Exclude Evidence of Defendant's Prior Statements

In its sixth motion *in limine*, the Government asks the Court to exclude evidence of the Defendant's prior statements through any means other than direct testimony. Gov't MIL 6 at 1. The Defense does not oppose this motion. ECF No. 108.

4

The Court GRANTS the Government's Motion *in Limine* No. 6.

### G.  Government's Motion *in Limine* No. 7 to Exclude Evidence of Defendant's Good Character

In its seventh motion *in limine*, the Government requests the Court exclude evidence of Defendant's good character and specific instances of good conduct.  Gov't MIL 7 at 1.  The Government argues that, under Rule 404, while Defendant may offer evidence as to whether he is prone to criminal activity in general, he may not offer evidence regarding whether he would engage in the criminal conduct at issue in this case.  *Id.* at 2.  The Government also argues that evidence of things such as awards, commendations, professional accomplishments, and community service are not relevant to whether Defendant is a law-abiding citizen and cannot be admitted as evidence of such.  *Id.*  The

The Defense argues that the motion is overbroad.  ECF No. 109 at 1-2.  The Defense also asserts that under Rule 404(a)(2)(A), a defendant can introduce evidence to prove his general good character.  *Id.* at 2.  At the Pretrial Conference, the Defense explained that it seeks to admit evidence as to certain traits of Defendant including evidence about his caring nature as a trainer and evidence that he is a law-abiding citizen and a good guy.

Rule 404 prohibits the use of character evidence to prove that on a particular occasion a person acted in accordance with that character or trait.  Fed. R. Evid. 404(a).  This is sometimes referred to as "propensity evidence."  An exception to this rule permits "a defendant [to] offer evidence of the defendant's pertinent trait."  Fed. R. Evid. 404(a)(2)(A).  "The word 'pertinent' is read as synonymous with 'relevant.'"  *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982) (citing *United States v. Staggs*, 553 F.2d 1073, 1075 (7th Cir. 1977)).  "Thus, the basic issue is whether the character trait in question would make any fact 'of consequence to the determination' of the case more or less probable than it would be without the evidence of that trait."  *Id.*

Rule 405 outlines the methods of proving character.  *See United States v. Keiser*, 57 F.3d 847, 855 (9th Cir. 1995).  It provides that when admissible, evidence of a person's character or character trait "may be proved by testimony about the person's reputation or by testimony in the

form of an opinion." Fed. R. Evid. 405(a).

The Court DEFERS ruling on the Government's Motion *in Limine* No. 7. The motion is overbroad. The Court will not exclude all evidence of good character, but certain testimony may be subject to objection on this basis. If the Defense wants to provide evidence of any good traits other than those identified at the Pretrial Conference, it must give the Government notice.

**H.    Government's Motion *in Limine* No. 8 to Exclude Evidence of and Reference to Punishment**

In its eighth motion *in limine*, the Government requests the Court exclude reference to punishment. Gov't MIL 8 at 1. Defendant does not oppose this motion. ECF No. 110. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see also Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been told it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed").

The Court GRANTS the Government's Motion *in Limine* No. 8.

**I.    Government's Motion *in Limine* No. 9 to Exclude Reference to Victims' Full Names**

In its ninth motion *in limine*, the Government requests that the Court exclude reference during court proceedings to the full names of the charged victims and the individuals testifying pursuant to Rule 413. Gov't MIL 9 at 1. The Government requests that the Court allow these individuals to be sworn in under seal using their full names outside the presence of the jury, allow these individuals to then be sworn in using their first and last initials in the presence of the jury, and instruct all parties to refer to these individuals by their first and last initials during court proceedings. *Id.* at 1-2. The Government argues that the charged victims and Rule 413 witnesses would suffer personal embarrassment and further emotional injury by testifying under their full names and that this concern outweighs any minimal prejudice to Defendant and any interest in transparency for the public. *Id.* at 2.

The Defense asserts that this motion should be denied because the Government has not shown the witnesses would suffer any further injury and because it is contrary to law. ECF No. 111. The Defense argues that concealing the identities of these individuals would suggest that

6

1  revealing their names places them in danger and would invite speculation by the jurors as to why
2  their names are not being shared. *Id.* at 2. The Defense further notes that the Government has not
3  submitted any declarations from the witnesses indicating they would suffer embarrassment and
4  that several of these individuals have given interviews or statements to publications using their full
5  names and/or photographs. *Id.* at 2-3. The Defense also argues that there is a strong presumption
6  for using witnesses' full names in the Ninth Circuit. *Id.* at 3-4.

"In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. "When a party requests "Doe" status, the factors to be 'balance[d] ... against the general presumption that parties' identities are public information,' are: '(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.'" *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

The Court DENIES the Government's Motion *in Limine* No. 9. The Government has not made any showing that use of pseudonyms is necessary. First, the Government has not shown that any individual witness actually seeks to remain anonymous. The Government has requested anonymity on the witnesses' behalf. Further, the Government has not submitted any evidence showing that any witness would be harmed by a failure to use pseudonyms. This denial is WITHOUT PREJUDICE to the Government seeking to make such a showing.

**IT IS SO ORDERED.**

Dated: May 19, 2023

_____
BETH LABSON FREEMAN
United States District Judge