UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        v.<br>SCOTT SHAW,<br>    Defendant. | Case No. 22-cr-00105-BLF-1<br><br>**ORDER RE: UNITED STATES'<br>SUPPLEMENTAL BRIEF<br>REGARDING EVIDENCE OF OTHER<br>ACTS OF SEXUAL ASSAULT<br>PURSUANT TO EVIDENCE RULE 413**<br><br>[Re: ECF No. 125] |

Before the Court is the Government's Supplemental Brief Regarding Evidence of Other Acts of Sexual Assault Pursuant to Federal Rule of Evidence 413. ECF No. 125 ("Br.").

**I.  BACKGROUND**

On January 30, 2023, the United States (the "Government") filed a motion to admit other acts of sexual assault pursuant to Rule 413. ECF No. 43. On April 5, 2023, the Court issued an Order ruling on the motion. ECF No. 68 ("Evid. Order"). The Court determined whether testimony for each of the Government's 16 proposed Rule 413 witnesses was admissible under Rules 413 and 403 in isolation; it found that testimony from 15 of the 16 was admissible. *Id.* at 14. The Court then addressed the cumulative prejudice of having all 15 witnesses testify. *Id.* at 15-17. After discussing relevant case law, the Court determined that it would allow at least four Rule 413 witnesses to testify. *Id.* The Court indicated that it would not necessarily preclude any witnesses beyond four. *Id.* at 17. But, the Court stated, "beyond that point, the Government will need to show why each additional witness's testimony is necessary by 'identifying specifically how it buttresses weak or assailable evidence.'" *Id.* (quoting *United States v. Perrault*, 995 F.3d 748, 769 (10th Cir. 2021)).

On May 26, 2023, the Government filed a Supplemental Brief Regarding Evidence of

Other Acts of Sexual Assault Pursuant to Federal Rule of Evidence 413. ECF No. 125 ("Br."); *see also* ECF No. 127 ("Reply"). The Government requests that the Court allow eight Rule 413 witnesses to testify at trial. Br. at 2. Defendant opposes the Government's request. ECF No. 126 ("Opp."). The Government identifies the first four witnesses it will call pursuant to the Court's Order allowing four Rule 413 witnesses: Victims C, A, I, and K. Br. at 4-6. The Government then identifies the four additional Rule 413 witnesses that it seeks to call: Victims O, G, P, and N. *Id.* at 6-9. For each witness, the Government provides a summary of her proposed testimony, as well as what evidence each witness would corroborate. *Id.* at 4-9. Defendant asks the Court to reconsider its ruling on the first four witnesses, and it further asks the Court to deny the Government's request to allow four additional Rule 413 witnesses. *See* Opp.

**II.    LEGAL STANDARD**

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). "Evidence that tends to show that [a defendant] committed another sexual assault . . . tends to show that [the defendant] had the propensity to commit another sexual assault." *United States v. Perez*, 662 F. App'x 495, 497 (9th Cir. 2016) (quoting *United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010)) (alterations in original). Under Rule 413, the court must apply the *LeMay* factors, considering: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Id.* (quoting *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001)). Admission of evidence of other acts of sexual assault is subject to the balancing test of Rule 403. *See Untied States v. Keys*, 918 F.3d 982, 986 (9th Cir. 2019). Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. THE COURT'S PRIOR ORDER

As stated above, in its prior Order, the Court determined that testimony from 15 of the Government's proposed Rule 413 witnesses was admissible. Evid. Order at 14. The Court evaluated each witness under Rule 413 using the *LeMay* factors. *Id.* The Court also found that the testimony of each witness, looked at individually, was admissible under Rule 403. *Id.* But the Court explained that with each additional witness, the probative value is reduced, and the prejudicial effect is greater. Specifically, the necessity factor under *LeMay* is reduced, as each additional witness becomes less necessary to corroborate the accounts of the charged victims and the prejudicial effect under Rule 403 grows. As the Eighth Circuit explained, while "individually, no account is so unfairly prejudicial or problematic that it requires exclusion under Rule 403," there is "an issue of diminishing evidentiary returns—each account carries a bit less probative value, but a bit more prejudice to [the defendant]." *United States v. Kindley*, No. 21-3484, 2022 WL 17245115, at *2 (8th Cir. Nov. 28, 2022) (internal citations omitted). In another case, the Eighth Circuit was "troubled" by the district court's decision to admit six Rule 413 and 414 witnesses because, in that case, allowing "six such witnesses injects cumulative evidence with little additional probative value." *United States v. Never Misses a Shot*, 781 F.3d 1017, 1028 (8th Cir. 2015). The court "state[d] no inflexible rule that provides a maximum limit of Rule 413 or 414 witnesses that can testify but encourage district courts to continually balance all 403 factors," recognizing that "at some point it does seem enough is enough." *Id.* at 1028 & n.6 (quoting *United States v. Crow Eagle*, 705 F.3d 325, 328 (8th Cir. 2013)).

The Court ultimately provided that it would allow at least four Rule 413 witnesses to testify. Evid. Order at 17. It notes that Defendant agreed that number was proper. *Id.* The Court further provided that it would not necessarily preclude any witnesses beyond four, but the Government would need to show the necessity of each additional witness. *Id.*

### IV. FIRST FOUR WITNESSES

The Court previously determined that it would allow at least four Rule 413 witnesses to testify. Evid. Order at 17. Defendant agreed to such a number at the time. *Id.* The Government has identified the first four witnesses that it intends to call under Rule 413 pursuant to that Order:

3

Victims C, A, I, and K. Br. at 3-6. Defendant now asks the Court to reconsider its decision to admit the testimony of these four witnesses. Opp. at 10.

The Court will provide a summary of the testimony of each of the first four proposed Rule 413 witnesses. The Court has already determined that the testimony of each is admissible under Rule 413 and Rule 403, viewed in isolation. *See* Evid. Order at 14. The question is whether the evidence is admissible under Rule 403 viewing all the testifying witnesses in combination. Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court declines to reconsider its prior ruling. Defendant neither offers any cogent reason why the Court should reconsider this ruling nor explains why his previous agreement that four witnesses was reasonable is no longer correct. The Court concludes that each of the first four proposed Rule 413 witnesses can testify at trial.

### A. Victim C

The Government provides that Victim C was on the women's softball team. Br. at 4. She will testify that during one treatment, Defendant rubbed her thigh under her shorts. *Id.* During another treatment, Defendant "positioned himself groin to groin with her" such that "his genitals were touching Victim C's, and she could feel Defendant's penis getting erect." *Id.* at 5. The Court already determined that this testimony was admissible under Rule 413. Evid. Order at 14. The Court also already determined that the testimony was admissible under Rule 403, viewed in isolation. *Id.* As this is the first Rule 413 witness, the Court determines that the testimony of this witness is probative of essential elements of the Government's case, shows a sufficiently similar incident, and is not unduly prejudicial or unnecessarily cumulative. Victim C may testify.

### B. Victim A

The Government provides that Victim A was on the women's softball team, and she will testify that, during treatment of a shoulder injury, Defendant moved his hand along the side of her breast, and then onto her breast itself. Br. at 5. She questioned him and he dismissed her concern, and then she announced that Defendant had touched her inappropriately at volleyball practice. *Id.*

1  Again, the Court already determined that this testimony was admissible under Rule 413. Evid.

2  Order at 14. The Court also already determined that the testimony was admissible under Rule

3  403, viewed in isolation. *Id.* As this is the second Rule 413 witness, the Court determines that the

4  testimony of this witness is probative of relevant issues and not unfairly prejudicial because of its

5  cumulative nature. Victim A may testify.

### C.   Victim I

The Government provides that Victim I was a member of the women's swim team who was treated for shoulder and knee injuries. Br. at 5. She will testify that Defendant lifted her sports bra such that he could see her breasts, and he touched her breast and areola. *Id.* at 5-6. She will also testify that Defendant walked his fingers along her bare breast to place stim pads, and he moved his hand from her hip down to her pelvic area and touched her pubic area before placing a stim pad on her hip. *Id.* at 6. Again, the Court already determined that this testimony was admissible under Rule 413. Evid. Order at 14. The Court also already determined that the testimony was admissible under Rule 403, viewed in isolation. *Id.* This is the third Rule 413 witness, and the Court determines that the testimony of this witness is probative of relevant issues which is not substantially outweighed because of its cumulative nature. Victim I may testify.

### D.   Victim K

The Government provides that Victim K was a member of the women's swim team who was treated for shoulder and knee injuries. Br. at 6. She will testify that Defendant touched her breasts during treatment dozens of times, calling it pressure point therapy. *Id.* She will also testify that Defendant massaged her groin and pubic area in treating her for back pain. *Id.* Again, the Court already determined that this testimony was admissible under Rule 413. Evid. Order at 14. The Court also already determined that the testimony was admissible under Rule 403, viewed in isolation. *Id.* As this is the third Rule 413 witness, the Court determines that the testimony of this witness is probative of relevant issues which is not substantially outweighed because of its cumulative nature. Victim K may testify.

## V.   SECOND FOUR WITNESSES

The Government also seeks to admit testimony from an additional four Rule 413

witnesses: Victims O, G, P, and N. Br. at 6-9. Defendant opposes all of these witnesses. Opp. at 6-10. The Court has already determined that the testimony of each witness is admissible under Rule 413. Evid. Order at 14. The Court has also determined that the testimony of each witness, in isolation, would be admissible under Rule 403. *Id.* The Court now addresses whether the testimony of each witness is admissible under Rule 403 in light of the other witnesses testifying.

### A. Victim O

The Government provides that Victim O was an athlete on the women's swim team. Br. at 6. She will testify that during several treatment sessions for shoulder and hip injuries, Defendant put his hands in her sports bra and touched her breasts. *Id.* at 6-7. The Court already determined that this evidence was probative in its evaluation of the *LeMay* factors. Evid. Order at 14 (incorporating rulings on the record). The Court must now address whether that probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.

The Court determines that the evidence is not admissible under Rule 403, as it would constitute "needlessly presenting cumulative evidence." The Government provides that Victim O will corroborate testimony from Victims Three and Four that she second-guessed her own instincts that the treatment was improper because Defendant was more knowledgeable and from Victim Two that Defendant sometimes rendered treatment that did not involve inappropriate touching. Br. at 7. But the charged victims and initial four Rule 413 witnesses can corroborate each other on these issues. The Government also suggests that Victim O's testimony should be allowed because, unlike the other members of the SJSU women's swim team that the Government intends to call under Rule 413, Victim O (also a member of the swim team) did not discuss her contact with Defendant at length with other team members. *Id.* But none of the four charged victims was on the women's swim team, and only two of the four initial Rule 413 witnesses were on the women's swim team. *Id.* at 3-6. Two of the four initial Rule 413 witnesses were on the women's swim team. *Id.* at 5-6. While their testimony *may* be assailable on the basis that they discussed their contact with Defendant with other team members, the six other witnesses—who the

6

Government does not suggest discussed their contact with Defendant with their teams—would sufficiently buttress the testimony of the two women's swim team victims.

The Court determines that the probative value of Victim O's testimony is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. Specifically, the testimony is needlessly cumulative in light of the four charged victims and first four Rule 413 witnesses. And the cumulative nature of the evidence also causes unfair prejudice. The Court will not allow testimony from Victim O.

**B.    Victim G**

The Government provides that Victim G was an athlete on the women's swim team. Br. at 7. She will testify that during several treatment sessions for a shoulder injury, Defendant placed stim pads inside her sports bra, close to her nipples, touching her breasts. *Id.* The Court already determined that this evidence was probative in its evaluation of the *LeMay* factors. Evid. Order at 14 (incorporating rulings on the record). The Court must now address whether that probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.

The Court determines that the testimony of Victim G is not admissible under Rule 403, as it would constitute "needlessly presenting cumulative evidence." The Government indicates that Victim G can corroborate testimony from Victims Two and Four in that she returned to Defendant for treatment; testimony from Victims One and Two that Defendant's techniques differed from those of other athletic trainers; and testimony from Victim Four that Defendant used the placement of stim pads as a pretext for inappropriate touching. Br. at 7. This testimony will be corroborated by witnesses other than Victim G. The Government also provides that Victim G can corroborate testimony from Victim Three that she felt pressure to receive treatment in order to maintain a scholarship. *Id.*

Finally, the Government provides that Victim G reported Defendant's conduct to relevant authorities, unlike any of the charged victims. Br. at 7. Defendant asserts that, in this sense,

7

Victim G is not corroborating other testimony, but instead being offered to supplement the given testimony with new testimony. Opp. at 7. But the Tenth Circuit's opinion in *United States v. Perrault* suggests that the Court can consider whether a witness "served a specific purpose in refuting [the defendant's] defense." 995 F.3d 748, 770 (10th Cir. 2021). In that case, the defendant had tried to discredit the testimony of the charged victim on the basis that he received a $300,000 civil settlement from the Catholic Church. *Id.* The court determined that the testimony of a certain witness who had never pursued a civil action "served to rebut [the defendant's] suggestion that many supposed victims had come forward to accuse him solely in search of a payout from the Catholic Church." *Id.* Here, Defendant may try to discredit the testimony of the charged victims on the basis that they did not report the conduct to relevant authorities, and Victim G could help to refute that defense. But the Government faces another problem. It states only that the charged victims did not report Defendant's conduct to relevant authorities. Br. at 7. This suggests that at least some of the first four Rule 413 witnesses did report the conduct and could refute Defendant's defense on this basis, meaning that the testimony of Victim G would be cumulative.

In evaluating the similarities and differences between Victim G's testimony to that of other witnesses, the Court determines that the probative value of Victim G's testimony is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. Specifically, the testimony is needlessly cumulative in light of the four charged victims and first four Rule 413 witnesses. And the cumulative nature of the evidence also causes unfair prejudice. The Court will not allow testimony from Victim G.

**C.   Victim P**

The Government provides that Victim P was an athlete on the women's swim team who saw Defendant for treatment for shoulder and hip injuries. Br. at 8. She will testify that during treatment sessions, Defendant put his fingers down the side of her sports bra, touching her breasts and nearly touching her nipple. *Id.* In treating her hip injury, Defendant used a towel to cover her and put his hand under the towel and massaged her bikini line directly. *Id.* The Court already

8

1  determined that this evidence was probative in its evaluation of the *LeMay* factors.  Evid. Order at

2  14 (incorporating rulings on the record).  The Court must now address whether that probative

3  value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

4  misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

5  *See* Fed. R. Evid. 403.

6       The Government provides that Victim P will corroborate testimony from Victims One and

7  Two that Defendant's techniques differed from those of other trainers, as well as Victim Two's

8  description of how the inappropriate conduct varied based on what injury he was purporting to

9  treat.  Br. at 8.  Such evidence will be corroborated by other victims.

10       The Government also states that the testimony should be permitted because unlike several

11  of the other victims, Victim P was never a plaintiff in a lawsuit against SJSU based on

12  Defendant's conduct, and therefore her testimony will rebut any implication that other victims had

13  a financial incentive to fabricate allegations.  Br. at 8.  Defendant argues that the testimony of

14  Victim P would be assailable on the same basis, as she received a $125,000 settlement under the

15  Government's Title IX investigation, and therefore she also had a financial incentive.  Opp. at 9.

16  As discussed above, the Tenth Circuit's decision in *Perrault* suggests that testimony would be

17  admissible that "served to rebut [the defendant's] suggestion that many supposed victims had

18  come forward to accuse him solely in search of a payout."  995 F.3d at 770.  But again, the

19  Government states only that "several" of the other victims were plaintiffs in civil lawsuits, not that

20  all of them were.  Br. at 8.  Therefore, it appears that several of the other witnesses, either charged

21  victims or Rule 413 witnesses, could refute the Defendant's defense on this basis, meaning that the

22  testimony of Victim P would be cumulative.

23       The Court determines that the probative value of Victim P's testimony is "substantially

24  outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

25  delay, wasting time, or needlessly presenting cumulative evidence."  *See* Fed. R. Evid. 403.

26  Specifically, the testimony is needlessly cumulative in light of the four charged victims and first

27  four Rule 413 witnesses.  And the cumulative nature of the evidence also causes unfair prejudice.

28  The Court will not allow testimony from Victim P.

9

### D. Victim N

The Government provides that Victim N was an athlete on the women's swim team who saw Defendant for treatment for shoulder injuries. Br. at 8. She will testify that during several sessions, Defendant placed his hand in her sports bra and touched the top of her breast. *Id.* The Court already determined that this evidence was probative in its evaluation of the *LeMay* factors. Evid. Order at 14 (incorporating rulings on the record). The Court must now address whether that probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.

The Government provides that Victim N will corroborate testimony from Victims Two and Three that Defendant touched body parts not related to the injuries, and she can corroborate testimony from Victims One and Two that Defendant's techniques differed from those of other trainers. Br. at 8-9. There are already multiple charged victims who can corroborate each other. Next, the Government provides that Victim N can corroborate Victim Three's testimony that Defendant used terms such as "trigger point" and "pressure point." *Id.* at 9. This evidence will be corroborated by Victim K. And finally, the Government states that Victim N is unique in that she can provide testimony about how the conduct "progressed and increased over time" as Victim N was one of the earliest victims. *Id.* This does not make the evidence sufficiently probative to substantially outweigh the cumulative nature.

The Court determines that the probative value of Victim N's testimony is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. Specifically, the testimony is needlessly cumulative in light of the four charged victims and first four Rule 413 witnesses. And the cumulative nature of the evidence also causes unfair prejudice. The Court will not allow testimony from Victim N.

### VI. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court will allow the testimony of Victims C, A, I, and K, and the Court will not allow the testimony of Victims O, G,

10

P, and N.


Dated:  June 7, 2023

BETH LABSON FREEMAN
United States District Judge